COCA COLA BOTTLING COMPANY OF PUERTO RICO, INC., demandante y recurrida, *v.* MUNICIPIO DE AGUADILLA, demandado y recurrente.

*Número:* O-68-112     *Resuelto:* 27 de abril de 1971

*Héctor Reichard* y *Héctor Reichard, Jr.,* abogados del recurrente; *Beverley, Rodríguez, Estrella & Pesquera,* abogados de la recurrida.

PER CURIAM: La Ley de Patentes Municipales, 21 L.P.R.A. secs. 621 a 640, clasifica los negocios o industrias sujeto a patentes en tres grupos. En el grupo A incluye, entre otros, los establecimientos al por mayor y en el B a las fábricas de agua de soda o carbonatadas. El grupo C no tiene relación alguna con los hechos de este caso.

La recurrida Coca Cola Bottling Company of Puerto Rico, Inc., tenía para 1965 su fábrica de gaseosa en Hato Rey y operaba un almacén en el Municipio de Aguadilla mediante el cual distribuía, al por mayor, el producto manufacturado. El Municipio de Aguadilla le impuso a la recurrida el tipo de patente correspondiente al grupo A—establecimiento al por mayor—en vez del grupo B. La recurrida hizo el pago bajo protesta e instó demanda ante el Tribunal de Distrito solicitando la devolución de la diferencia en el tipo de patentes. El tribunal de instancia, apoyándose en lo resuelto en *Coca Cola* v. *Srio. del Trabajo,* 88 D.P.R. 340 (1963), declaró con lugar la demanda concluyendo que el estableci-

miento de distribución al por mayor en Aguadilla era parte integrante de la operación manufacturera de Hato Rey, en tanto en cuanto esta última consistía de dos funciones principales, la producción del artículo en sí y su almacenaje, distribución y venta, y que, por lo tanto, la recurrida sólo venía obligada a pagar el tipo de patentes B, aplicable a las fábricas de gaseosas.

Dicha sentencia es errónea y no puede prevalecer. El propósito evidente de la Ley de Patentes Municipales es facultar a cada municipio a imponer el impuesto de patentes sobre la operación específica que la industria o negocio lleva a cabo dentro de su jurisdicción. Véase Ley Núm. 93 de 25 de junio de 1962. (1) La recurrida opera en Aguadilla un almacén para la distribución al por mayor del producto que manufactura en Hato Rey. No opera fábrica alguna en dicho Municipio. La operación de la recurrida en Aguadilla cae claramente bajo la clasificación A, establecimiento al por mayor. El citado caso de *Coca Cola v. Srio. del Trabajo*, supra, no es de aplicación, ya que el mismo se refiere al alcance de un decreto mandatorio bajo la Ley de Salario Mínimo, y no, a la interpretación de la Ley de Patentes Municipales.

*Se revoca la sentencia recurrida y se ordena la devolución de los autos al tribunal de instancia a los fines que se dicte sentencia conforme con lo aquí expuesto.*

---

(1) La Ley Núm. 93 de 25 de junio de 1962 en lo pertinente dispone: "Disponiéndose, sin embargo, que cuando se trate de negocios o industrias con oficina principal establecida en determinado municipio y manteniendo otras organizaciones comerciales o industriales, oficinas de ventas, sucursales o almacenes haciendo negocios en otros municipios que no sea donde radica la casa principal, la patente municipal debe ser impuesta por cada municipio en donde la casa principal mantenga oficinas, sucursales, almacenes u otras organizaciones comerciales o industriales a base del volumen de negocios realizado por o a nombre de la casa principal en dicho municipio."